IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No.: 7:07-711-TMC-1 |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Darryl Mayes Proctor, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Darryl Mayes Proctor's ("Proctor's") motion to reduce his sentence. (ECF No. 1633). For the reasons set forth below, Proctor's motion is denied.

## I. Procedural History

On November 21, 2007, pursuant to a plea agreement, Proctor pled guilty to conspiracy to distribute cocaine and crack cocaine. (ECF No. 832). On April 23, 2008, the district court sentenced Proctor to 168 months to run concurrently with a state sentence, followed by five years of supervised release. (ECF No. 1133). Proctor did not file a direct appeal.

## II. Discussion

In his motion to reduce his sentence, Proctor argues he is entitled to two sentence reductions pursuant to Fed.R.Crim.P. 35. Further, he seeks a sentence reduction based upon the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111–220, 124 Stat. 2372.[1]

---

[1] The FSA was enacted to alleviate the disparity between powder and crack cocaine, which caused defendants who were convicted of a drug offense involving crack cocaine to be exposed to substantially higher guidelines and statutory minimum sentences than defendants convicted of offenses involving the same amount of powder cocaine. *See United States v. Bullard,* 645 F.3d 237, 245 & n. 4. (4th Cir. 2011).

In *Wade v. United States*, 504 U.S. 181 (1992), the Supreme Court held the ability to file a motion to reduce a sentence pursuant to U.S.S.G. § 5K1.1 is "a power, not a duty," and the decision whether to do so within the discretion of the prosecutor. *Wade*, 504 U.S. at 185.  The district court may review a prosecutor's refusal to file a motion to reduce the sentence due to substantial assistance and grant a remedy where: (1) the prosecutor's decision to not file a motion to reduce sentence is not rationally related to any legitimate government end; or (2) the decision was based on an unconstitutional motive, such as race or religion.  *Wade*, 504 U.S. at 185-186. "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Id.* at 186.

Although in *Wade* the motion was filed pursuant to § 5K1.1, most circuits, including the Fourth Circuit, have also applied the standard set out in *Wade* when considering a prosecutor's refusal to file a substantial assistance motion under Fed.R.Crim.P. 35(b).  *See United States v. Dais*, 308 Fed.Appx. 677 (4th Cir. 2009)(applying the *Wade* standard to Rule 35(b) motion). *See also United States v. Doe*, 940 F.2d 199, 203 (7th Cir. 1991); *United States v. Moran*, 325 F.3d 790, 793 (6th Cir. 2003); *United States v. Marks,* 244 F.3d 971, 973 (8th Cir. 2001); *United States v. Gangi*, 45 F.3d 28, 30-31 (2d Cir. 1995); *United States . v. McNeese*, 547 F.3d 1307 (11th Cir. 2008).

Rule 35(b) has two provisions allowing for the reduction of a sentence for substantial assistance depending upon when the motion is filed. Subsection (b)(1) only applies to motions filed within one year after sentencing. As the court sentenced Proctor almost five

years ago, subsection (b)(1) is not applicable in this case.

Pursuant to subsection (b)(2), the government may move for a reduction for substantial assistance more than one year after sentencing, if the defendant's substantial assistance involved:

> (A) information not known to the defendant until one year or more after sentencing;
>
> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
>
> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed.R.Crim.P. 35(b)(2).

While the Government contends agents who investigated the case have stated that the information provided by Proctor was not substantial in investigating or prosecuting anyone else, the court need not determine whether Proctor provided substantial assistance because even assuming Proctor provided substantial assistance which meets the requirements of subsection (b)(2), Proctor has not met the requirements of *Wade*. As set forth above, *Wade* requires that a defendant also establish one of the two additional elements - unconstitutional motive or that the decision was not rationally related to a legitimate government end. *Wade*, 504 U.S. at 185-186. The allegation that the Government has acted improperly must be more than a generalized claim that the Government did not file a Rule 35(b) motion. In his motion to Compel, Proctor fails to allege an unconstitutional motive or that the government's decision was not rationally related to a

legitimate government end.[2]   Accordingly, Proctor's Motion to Compel (ECF No. 1617) is denied.

Proctor also seeks a sentence reduction based on the FSA.[3]  The FSA increased the amount of crack cocaine needed to trigger statutory mandatory minimum terms of imprisonment. *See* Pub.L. No. 111–220, § 2, 124 Stat. 2372 (2010).  In turn, Amendment 750 to the Sentencing Guidelines further lowered offense levels for crack offenses.  *See* U.S.S.G.App. C (2011).  When applicable Sentencing Guidelines have been amended subsequent to a defendant's sentencing, a defendant may sometimes seek relief under 18 U.S.C. § 3582(c)(2).  However, Proctor's claim for a sentence reduction under the FSA fails because the FSA does not apply retroactively.

In *United States v. Bullard*, the Fourth Circuit reviewed the defendant's sentencing in a crack cocaine case and explicitly decided to "agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such intent be inferred from its language."  645 F.3d at 248.  The FSA does have limited retroactive application. The holding in *Bullard* was subsequently limited by the Supreme Court in *Dorsey v. United States*, ––– U.S. –––, –––, 132 S.Ct. 2321, 2331, 183 L.Ed.2d 250 (2012).  In *Dorsey*, the Supreme Court held that the FSA may be applied retroactively to an individual whose crime occurred before FSA passage but whose sentencing occurred

---

[2]Moreover, under the plea agreement, the Government has no duty to file a Rule 35(b) motion, only a duty to consider whether Proctor provided substantial assistance. (ECF No. 829).

[3]In general, a court lacks authority to modify a term of imprisonment "once it has been imposed." 18 U.S.C. § 3582(c).  Section 3582(c)(2), however, creates a limited exception, authorizing the court to modify a defendant's term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). Any such reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*

afterwards. *Id.* Proctor, however, does not qualify for retroactive application under this rule because he committed his offenses and was sentenced prior to passage of the FSA. Because the FSA does not apply retroactively to individuals in Proctor's position, Proctor is not entitled to resentencing under § 3553(c)(2).

### III. Conclusion

For the foregoing reasons, Proctor's Motion for a Sentence Reduction (ECF No. 1633) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain

United States District Judge

June 13, 2013
Anderson, South Carolina


### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.